Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000935
18-FEB-2015
09:00 AM

NO. CAAP-12-0000935

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WILLIAM WONG, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P1120006489)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant William Wong (Wong) appeals from the Notice of Entry of Judgment and/or Order, filed on October 1, 2012, in the District Court of the First Circuit, Honolulu Division (district court).[1] After a bench trial, the district court found Wong guilty of disorderly conduct as a petty misdemeanor, pursuant to Hawaii Revised Statutes (HRS) § 711-1101(1)(a) and (3) (2014).[2]

---

[1] The Honorable Lono J. Lee presided.

[2] HRS § 711-1101 provides in pertinent part:

§711-1101 Disorderly conduct. (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:

(a) Engages in fighting or threatening, or in violent or tumultuous behavior[.]

(continued...)

On appeal, Wong argues that there was insufficient evidence to support a conviction for disorderly conduct either as a petty misdemeanor or a violation. Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Wong's appeal as follows.

> We review the sufficiency of evidence on appeal as follows:
>
>> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
>
> State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.'" Id. (citation omitted).

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010).

At trial, Officer Albert Lee (Officer Lee) testified that on May 25, 2012, at a little after 2 a.m., he was on patrol in a commercial and light industrial area, mainly comprised of Ala Moana Center, bars, businesses and an apartment building. While stopped at a traffic light on Kapiolani Boulevard, he heard two loud thumping noises and people shouting. Officer Lee looked toward the intersection of Mahukona Street and Kona Street, the location from which the thumping sounds had come, and he saw a

---

[2](...continued)

. . . .

(3) Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.

vehicle alarm going off.  Three men (the men), including Wong, were standing about two feet away from the vehicle, shouting and yelling, and looking at the vehicle.

Officer Lee turned onto Mahukona Street and drove through the intersection of Mahukona and Kona Streets, where he saw a hotel security guard approach the men.  The men walked slowly away from the security guard while swearing and yelling at the security guard and "carrying on."  Officer Lee testified that the guard had his hands up and was telling the men to stop. Officer Lee later acknowledged that the security guard's back was to him, but it "looked like he was telling them enough already, just go home or keep it down, things like that. . . . [I]t looked like he was just trying to calm them down a little bit."

The men slowly walked away from the security guard, saying, "what you going do,." "cannot do nothing," and "fuck you." The men were looking back toward the security guard, making gestures, laughing, and hitting each other.  They continued swearing at the security guard for about one to two minutes.

The men walked diagonally across Kona Street, toward Ala Moana Center.  They did not look for cars before stepping onto the roadway and walking in an area that was not marked with a cross-walk.  They were already on the roadway as they were walking away from the security guard, "swearing and stuff." According to Officer Lee, Wong and the others were more than horsing around.  Rather, "[t]hey were more like yelling, fuck you, you want to fight, you know, challenging, then they start pushing each other."  Officer Lee further testified that, as Wong and the other men were slowly crossing Kona Street in this manner, a car "had to stop because they [were] in the roadway and the car just waited till they crossed the whole thing."

The men walked up the ramp to the second floor of a parking structure at Ala Moana Center, then down to the ground floor.  Officer Lee either motioned or yelled for them to come over.  Wong walked towards him, with his head down.  Officer Lee

told Wong to sit down, that Officer Lee was going to investigate him for disorderly conduct. Wong quietly complied.

Officer Michael Hisatake testified that when he saw Wong, Wong was in the patrol car, in custody, and calm.

Wong argues that the State failed to establish sufficient evidence to support his conviction for disorderly conduct as a violation. We disagree. The State adduced substantial evidence that when Wong stepped onto Kona Street without a cross-walk, without looking first, and then slowly crossed the street in a diagonal line, all while swearing at the security guard, fighting with and/or threatening his companions, and/or behaving tumultuously, he intentionally caused, or at a minimum recklessly created a risk of, physical inconvenience or alarm by a member or members of the public, in particular the car that had to stop while Wong and the other men were slowly walking in a diagonal manner across the roadway. See HRS § 711-1101; State v. Anthony, No. 29300, 2009 WL 2714026, 121 Hawai'i 178, 214 P.3d 1168, at *2 (App. Aug. 31, 2009) (SDO).

Wong also argues that the State failed to adduce sufficient evidence to support his conviction for disorderly conduct *as a petty misdemeanor*. With regard to this argument, we agree. The charge against Wong relating to the offense being a petty misdemeanor asserted that he "persisted in disorderly conduct after reasonable warning or request to desist."[3] Although there is evidence to support an inference that the security guard indicated for Wong to "stop," there is insufficient evidence to establish what conduct the security guard sought to stop. Moreover, Wong complied when Officer Lee instructed him to come and sit down so he could investigate the matter, and Wong was compliant while in custody.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on October 1, 2012, in the

---

[3] The State did not assert that Wong intended to cause substantial harm or serious inconvenience. See HRS § 711-1101(3).

4

District Court of the First Circuit, Honolulu Division, which convicted and sentenced Wong for disorderly conduct as a petty misdemeanor is vacated. The case is remanded to the district court with instructions to enter a judgment that Wong committed disorderly conduct as a violation.

DATED: Honolulu, Hawai'i, February 18, 2015.

On the briefs:

Andrew T. Park
(Urbanc Willard Park & Kim, LLLC)
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge